### UNITED STATES v. LAWRENCE, SON & GERRISH.

(Circuit Court of Appeals, Second Circuit. February 24, 1905.)

#### No. 3,297.

CUSTOMS DUTIES—FOREIGN ·CURRENCY—VALUATION—CONSULAR CERTIFICATE.

In estimating the value of foreign merchandise exported to the United States, according to the value of the currency of the country of exportation, as proclaimed ·quarterly by the Secretary of the Treasury, under the requirements of section 25, Tariff Act Aug. 28, 1894. c. 349 (28 Stat. 552), the date of the consular certification of the invoice is .conclusive evidence of the date of exportation for the purpose of determining the quarter the proclamation for which ·is applicable.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 127 Fed. 750, reversing a decision of the Board of United States General Appraisers which had affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Lawrence, Son & Gerrish. Note, Wood v. U. S., 72 Fed. 254, 18 C. C. A. 553.

H. A. Wise, for appellant.
W. W. Smith, for appellees.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The collector, in classifying the importations in controversy ·(Chinese floor mattings), determined their value as exceeding 10 cents per square yard, and therefore subject to duty under paragraph 333 of the tariff act of July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 180 [U. S. Comp. St. 1901, p. 1662] at 7 cents per square yard and 25 per cent. ad valorem. Concededly, their value depended upon the value of the Mexican dollar, that being the currency of the invoice, at the date of the exportation of the merchandise. The merchandise was exported upon an invoice ·certified by the United States consul at Hongkong, and the certification was dated October 10, 1900. The importers claim that the merchandise was exported prior to October 1, 1900, at which date the value of the Mexican dollar, as proclaimed by the Secretary of the Treasury, was such that it would have reduced the invoice value of the merchandise below 10 cents per square yard.

It is provided by the customs administrative act of June 10, 1890, c. 407, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1924], as follows:

"Section 19. That whenever imported merchandise is subjected to an ad valorem rate of duty, or to a duty based upon or regulated in any manner by the value thereof, the duty shall be assessed upon the actual market value or wholesale price of such merchandise as bought and sold in usual whole-sale quantities at the time of the exportation to the United States in the principal markets of the country from which it is imported," etc.

By the tariff act of August 28, 1894, c. 349, § 25 (28 Stat. 552) it was provided that:

"The value of the standard currency in circulation of the various nations of the world shall be proclaimed quarterly by the Secretary of the Treasury on the first day of January, April, July and October in each year."

The section further provides as follows:

"And the value so proclaimed shall be followed in estimating the value of foreign merchandise exported to the United States during the quarter for which the value is proclaimed, and the date of the consular certification of any invoice shall for the purpose of this section be considered the date of the exportation."

This section of the act has never been repealed, and its language is so explicit as not to leave any doubt about its meaning. Generally, the market value or wholesale price of imported merchandise is to be fixed by its value or price at the time of exportation, and this time presents a question of fact which may not be controlled by the date of the consular certification of the invoice, although such certification may afford evidence of the time; but, for the purpose of estimating the value when that value depends upon the value of the currency of the invoice, it is imperative, and the date of the certification is made conclusive evidence of the time of the exportation.

We conclude, therefore, that the court below erred in reversing the decision of the Board of General Appraisers, and that the decision should be reversed, and the decision of the board affirmed.

Ordered accordingly.